## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ABEL TORRES,

    Plaintiff,

               v.

MR. SAMPSON, *General Warden at Dooley State Prison*,

    Defendant.

Civil Action No.
1:23-cv-04207-SDG

### <u>OPINION AND ORDER</u>

This matter is before the Court for consideration of the Final Report and Recommendation (R&R) entered by Magistrate Judge John K. Larkins, III [ECF 12], recommending that Petitioner Abel Torres's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed.[1] Torres's petition, which challenges his 2011 Newton County conviction for malice murder,[2] seems to raise claims for ineffective assistance of counsel during his state habeas proceedings.[3] Judge Larkins, reviewing the petition under Rule 4, determined that such claims were not cognizable under the federal habeas corpus statute, and thus recommended

---

[1]    Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal of a habeas petition under Rule 4 is proper when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

[2]    ECF 1, at 1. Torres was also convicted of felony murder, aggravated assault, false imprisonment, and possession of a firearm during the commission of a felony. *Id.*

[3]    *Id.* at 10–14.

that the petition be dismissed.[4] Torres has filed objections to the R&R,[5] which undersigned now addresses *de novo*. 28 U.S.C. § 636(b)(1).

Torres's objections do not address the fundamental legal defect identified by the R&R, namely, that claims of ineffective assistance of state *habeas* counsel (as opposed to trial or appellate counsel) do not state a claim for federal habeas relief. *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself—and thus habeas relief is not an appropriate remedy.").

But while undersigned agrees with Judge Larkins that Torres's petition as written does not state a claim for relief, it is premature to dismiss this matter under Rule 4. Torres's petition asserts, among other things, that his state habeas counsel was ineffective for failing to argue that Torres's trial and appellate counsel were ineffective.[6] This assertion could be amended to raise potentially cognizable claims for ineffective assistance of trial or appellate counsel. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of

---

[4]    ECF 12, at 4.

[5]    ECF 16.

[6]    ECF 1, at 12; *see also* ECF 16, at 9–10.

ineffective assistance at trial."). Torres will be granted an opportunity to do so. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("When it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Undersigned therefore **DECLINES** to adopt the R&R [ECF 12]. Torres's motion to amend the R&R [ECF 17] is **DENIED** as moot. Torres is **ORDERED** to file an amended petition within 30 days of this Order. Torres is **ADVISED** that he should include in his amended petition a clear factual description of how he believes his rights were violated at his trial and/or during his direct appeal. Torres is further **ADVISED** that failure to timely file an amended petition in accordance with this Order will likely result in the dismissal of his petition with prejudice.

The Clerk of Court is **DIRECTED** to send Torres a copy of this Court's § 2254 habeas form. The Clerk is further **DIRECTED** to resubmit this matter to Judge Larkins upon receipt of the amended petition or at the expiration of the aforementioned 30-day period.

**SO ORDERED** this 28th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge